UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:<br>APPLICATION FOR REINSTATEMENT<br>OF ROBERT A. GEORGE, SR. | Misc. Business Docket No.<br>12-mc-91221-FDS<br>LEAVE TO FILE GRANTED ON SEPTEMBER 23, 2022 |

**AMICUS CURIAE BRIEF OF SEVERAL
MEMBERS OF THE BAR OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

# INTRODUCTION

This brief is submitted on behalf of various long-time members of the Bar of this District[1], in support of the appeal to the full Court by petitioner Robert A. George from the order denying his petition for reinstatement to the bar.

Petitioner Robert A. George was convicted in June 2012 in federal court for money laundering offenses. A former client, who had been a federal informant, wore a wire and, over a period of 18 months, recorded his conversations with George. Judge Gorton sentenced him to 42 months, which was 33% below the low end of the range. Those recordings formed the basis for the indictments. After the conviction, he immediately started serving his sentence. His appeal was denied in June 2014. He was released from confinement in October 2015.

He was temporarily suspended by the Supreme Judicial Court in 2012 and disbarred on March 15, 2015. He was temporarily suspended by this Court in 2012 and disbarred on June 1, 2015.

---

[1] The amici are: John Amabile, Janice Bassil, Douglas Brook, Thomas Butters, Howard Cooper, John Cunha, Derege Demissie, William Fick, Robert Goldstein, Michael Hussey, Paul V. Kelly, David E. Meier, Tracy Miner, Brian Murphy, Gary Pelletier, Rosemary Scapicchio , Jonathan Shapiro, Max Stern and Martin Weinberg.

In May 2019, George filed a petition for reinstatement in the Supreme Judicial Court. After a lengthy investigation and a four- day hearing, the BBO unanimously recommended his reinstatement. No one, including the U.S. Attorney, objected. The SJC reinstated him in May 2021. In September 2021, he filed a petition to be reinstated to the bar of this Court. Judge Saylor held a hearing on December 3, 2021. No one appeared in opposition and no evidence was taken.

On June 28, 2022, Judge Saylor issued his opinion denying the petition because he found that petitioner had failed to establish, by clear and convincing evidence, that reinstatement would not adversely affect public confidence in the integrity of the Bar of this Court and the proper administration of justice, as required by Local Rule 83.6.10(b)(5). Memorandum and Order on Application for Reinstatement to the Bar of the District Court ("Mem. & Ord."), p. 2. In applying the rule, the judge observed that it was "a debatable proposition in itself" whether "an attorney who has committed multiple felonies should ever be reinstated and that "at a minimum that lawyer should demonstrate complete acceptance of responsibility, an extraordinary degree of remorse, and substantial evidence of rehabilitation." *Id.* at 20-21. Summing up, he concluded that "those qualities are lacking here." *Id.* at 21.

### I. The Judge Wrongly Counted the Petitioner's Trial Defense As a Factor Weighing Against Reinstatement.

In the end Judge Saylor decided that petitioner had not satisfied this Court's reinstatement criteria because he found that "petitioner's acceptance of responsibility is far from complete." *Id.* at 21. Heading his list of inadequacies was the nature of the defense George had put up at trial, to wit, that he claimed that "he was a victim of improper conduct by the government." *Id.* Acknowledging that George "had the right to defend himself as he saw fit," the

2

judge nevertheless posited that petitioner "cannot expect that the Court at this stage should ignore the manner in which he chose to defend himself in assessing his level of remorse." *Id.*

On the contrary, this is exactly what George had a right to expect. At trial, George never denied that he had committed the acts which comprised the offense. Instead, he argued that the government's use of his former client to engage him in a sting operation constituted "outrageous conduct" which Judge Gorton, the trial judge, found to be a sufficient basis to warrant an entrapment instruction to the jury. *United States v. George*, 839 F. Supp. 2d 430, 441 (D. Mass. 2012); and see Transcript, June 7, 2012, p. 7:120. The jury did not agree.

Petitioner did not appeal on this ground and, more importantly, he has since clearly acknowledged that "I committed a crime," and that "I do not view myself as a victim." Rec. No. 25, pp. 1:219-221. As the BBO panel noted:

> We conclude that the petitioner understands what he did, appreciates that it was dishonest and shameful, is suitably remorseful, and is not likely to reoffend. The petitioner does not question the legitimacy of his convictions. While claiming he was the victim of a sting and efforts by the government and its cooperating witnesses to entrap him, he admits he should not have taken the bait and should have told Dardinski to go elsewhere.

Rec. No. 29, p.8.

Under modern federal sentencing practice, it is routine to deny the "acceptance of responsibility" reduction under USSG §3E1.1 where the defendant has not pled guilty. This is known as the "trial penalty" and is itself controversial, since it punishes defendants for exercising the constitutional right to trial. See *United States v. Abraham*, 498 F. Supp. 3d 175 (D. Mass. 2020).

> This Court has long noted that those who exercise their constitutional right to a trial before a jury of their peers suffer a more severe penalty than those who cop a plea, ostensibly because we wish to provide leniency to those others who "accept responsibility," but really because they have inconvenienced the government by forcing it to undergo the expense and uncertainty of a trial.

3

*Id.* at 183.  That, however, is at least in the context of a sentencing proceeding -- where punishment is the very point.  But it is wholly out of place, years past conviction, to hold the defendant's insistence on a trial against him on the question of reinstatement – a decision which does not involve an issue of punishment or deterrence for past crime.  To fault this petitioner now for his trial defense is especially ironic given that he did not even deny his commission the of criminal acts at trial and has long since conceded the righteousness of his conviction.  To place any weight on his trial defense of entrapment suggests that he is to be forever punished for challenging the government.

> II. **The Judge Wrongly Questioned Whether an Attorney Who Has Committed Petitioner's Offenses Should Ever Be Reinstated.**

Judge Saylor expressed the view that it was "a debatable proposition in itself" whether "an attorney who has committed multiple felonies should ever be reinstated." Mem. & Ord. at 2.  To be sure, he also stated that "at a minimum that lawyer should demonstrate complete acceptance of responsibility, an extraordinary degree of remorse, and substantial evidence of rehabilitation." *Id.* at 20-21.  But in assessing whether the petitioner had adequately accepted responsibility, the Judge also held against him that he waged a defense based on government overreaching. *Id.* at 21.  This is an immutable fact.  It will always be true that this was how he defended himself at trial; if that counts, it will always count.

In the notorious and seminal case involving Alger Hiss, the Supreme Judicial Court allowed Hiss to reenter the Massachusetts Bar despite the fact that he had committed perjury, undoubtedly an offense constituting as great or greater a threat to the administration justice than what George did.  See *In re Hiss*, 368 Mass. 447 (1975).  In fact, in contrast to petitioner, Hiss

never admitted his guilt and, indeed, always contended that he had been framed.[2]  Nevertheless, the SJC held that there is no such thing as never.  See *id.*  This concept was later accepted by this Court when, in the *Cintolo* case, a three-judge panel unanimously voted to reinstate Cintolo, who had been convicted of obstruction of justice, likewise as great a threat to the administration of justice as the offense committed by George. *In Re William Cintolo*, MBD 85-564 (July 11, 1996).  The Court relied on the *Hiss* case for the proposition that no offense is "so grave that a disbarred attorney is automatically precluded from attempting to demonstrate through ample and adequate proofs, drawn from conduct and from social interactions, that he has achieved 'present fitness' … to serve as an attorney and has led a sufficiently exemplary life to inspire public confidence once again, in spite of his previous actions." *Cintolo* at 5 citing *Hiss* at 433.  Later, the First Circuit followed suit.[3]

In *Cintolo*, this Court proceeded with caution.  While it agreed that petitioner should be reinstated, it ordered that readmission should be effectuated only after two further years of positive conduct as an attorney, as he was then licensed to practice in Massachusetts courts. *Cintolo* at 7-8.  If this Court decides that Mr. George does not currently satisfy all the criteria for readmission to its Bar, it should likewise consider whether to employ the method used in *Cintolo* – to postpone the final order for an appropriate period of time, and then to issue relief after having received assurance of his lawful and ethical conduct during that period.  At the very least, if the Court does not grant relief, it should not leave any doubt that the door is not closed

---

[2] See "Alger Hiss," *Wikipedia*, September 5, 2022, https://en.wikipedia.org/wiki/Alger_Hiss#cite_note-89.
[3] *In Re Cintolo*, No. 04-8001 (May 17, 2004).

5

RESPECTFULLY SUBMITTED,

/s/Howard M. Cooper
Howard M. Cooper (BBO # 543842)
Hcooper@toddweld.com


/s/ Max D. Stern
Max D. Stern (BBO # 479560)
Mdstern@toddweld.com
TODD WELD LLP
One Federal Street
Boston, MA 02110
(617) 720-2626

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September 2022, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Max D. Stern*
Max D. Stern

6