UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
_____
                              )
IN RE:                        )
APPLICATION FOR REINSTATEMENT )    Misc. Business Docket
OF ROBERT A. GEORGE, SR.      )    12-mc-91221-FDS
                              )
                              )
_____)
```

APPEAL TO THE FULL COURT OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS[1]

PER CURIAM

    Currently pending before this Court is Robert A. George, Sr.'s petition for reinstatement to the Bar of the Court pursuant to our Local Rule 83.6.  His petition for unconditional

---

[1] In accordance with the procedures adopted by Chief Judge Saylor for this matter, this appeal has been submitted to the full court of the United States District Court for the District of Massachusetts by analogy to the procedure adopted by the Supreme Judicial Court when a disciplinary determination made by a Single Justice of that Court is appealed. *See generally* SUPREME JUDICIAL COURT RULES FOR THE REGULATION OF PRACTICE BEFORE THE SINGLE JUSTICES OF THE SUPREME JUDICIAL COURT, Rule 2.23, Appeals in Bar Discipline Cases.  The internal rules of this Court define the full Court as all Article III Judges whether in active or senior status. Chief Judge Saylor also directed, again by analogy to Supreme Judicial Court procedure that, as the judge whose determination is being appealed, he would not participate in the appeal unless the full court could not otherwise achieve a quorum or was evenly divided regarding the appeal.  *See* generally Mass. R. App. P. 24(c).  The full court addressed this appeal with a quorum and without being evenly divided.  As a consequence, Chief Judge Saylor did not participate in the appeal from his determination.

reinstatement was denied by Chief Judge Saylor. This appeal followed.

I.

Mr. George was indicted in this court for federal crimes related to a money laundering scheme intended to conceal the disposition of the proceeds of drug trafficking. *United States v. George*, No. 11-cr-10201-NMG. Following his indictment, Mr. George assented to an order of temporary suspension from the Bar of the Commonwealth and a single justice of the Supreme Judicial Court of Massachusetts entered an Order of Immediate Temporary Suspension on June 21, 2012. A reciprocal order of temporary suspension was then ordered by this Court on October 8, 2012.

Mr. George was convicted after trial and, on October 31, 2012, sentenced to 42 months incarceration. The conviction and sentence were affirmed by the United States Court of Appeals for the First Circuit. *United States* v. *George*, 761 F.3d 42 (1st Cir. 2014). Upon completion of the unsuccessful pursuit of his federal appeal, Mr. George resigned from the Massachusetts Bar and on March 19, 2015, a Single Justice of the Supreme Judicial Court entered a Judgment of Disbarment effective June 21, 2012, the date of Mr. George's temporary suspension. This Court again imposed identical reciprocal discipline upon Mr. George with a Judgment of Disbarment which was entered on June 1, 2015, retroactive to June 21, 2012.

Mr. George was released from federal custody on October 6, 2015 and completed his post-incarceration supervised release on January 29, 2017.  Thereafter, he undertook the protocols and conditions for reinstatement of disbarred attorneys established by the Rules of the Supreme Judicial Court.  On May 19, 2020, he filed a petition for reinstatement to the Massachusetts Bar with the Supreme Judicial Court.  A hearing panel of the Massachusetts Board of Bar Overseers was convened and, after considering submissions by Mr. George and four days of hearings, recommended Mr. George's reinstatement to the Bar of the Commonwealth without further conditions.  During the hearing, Bar Counsel withdrew its initial objection to the petition.  Thereafter Mr. George's reinstatement was ordered by a Single Justice of the Supreme Judicial Court without further proceedings.

Mr. George then turned to pursuit of reinstatement in the Bar of this Court.  He submitted a petition for reinstatement which relied primarily on the record before the state Hearing Panel.  The matter was assigned to Chief Judge Saylor who held a hearing on December 3, 2021.  Following review of the record assembled by the parties, on June 28, 2022, Chief Judge Saylor entered a detailed Order denying Mr. George's request for unconditional reinstatement.

Dissatisfied with this outcome, Mr. George sought appeal to the whole court. Although our rules do not provide for review of a denial of a petition for reinstatement, to ensure that Mr. George was afforded fulsome due process, Chief Judge Saylor ordered that the matter be heard by the court as a whole, elected not to participate further himself, and appointed another judge to preside over the appeal.[2]

For this appeal and seemingly in response to the outcome authored by Chief Judge Saylor, Mr. George has modified his petition for reinstatement by offering a newly framed alternative request for a conditioned reinstatement seeking that his reinstatement be deferred pending completion of a satisfactory period of practice as a member of the Massachusetts Bar following his reinstatement. Notably, this is the same approach adopted by this Court in a prior proceeding that also involved a member of the bar who sought reinstatement following a conviction for a crime committed in connection with his legal practice. *See generally* In re *Cintolo*, 1996 WL 464047 (D. Mass. July 11, 1996).

## II.

After careful consideration of the record, a majority of the judges of this court find no basis to displace Chief Judge

---

[2] *See supra* note 1.

Saylor's basic determination that Mr. George should not be reinstated to this court at this time.  We refine that determination by executing the suggestion, not presented to Chief Judge Saylor but first made by Mr. George in the final footnote to his brief to the Full Court, that his reinstatement will be granted, but with a delay of two years, assuming that Mr. George does not, during that two-year period, engage in behavior that raises question about his fitness to resume practice before this Court.

In doing so, we follow the template provided by *Cintolo*, the sole precedent belatedly raised in that final footnote. What was said by our colleagues in *Cintolo* is equally applicable here.  There we recognized that

> The SJC concluded that the public welfare would not be disserved by permitting [petitioner] to resume the practice of law.  We are generally in agreement with that conclusion, having determined that [petitioner] is presently fit to be reinstated to practice [without conditions in the state court].  Yet the question persists: How do we convincingly and unequivocally affirm the principle that the integrity of the Bar is paramount and at the same time act favorably on [the] petition?  Put another way, do we undercut the general appreciation of the integrity of our Bar by acting, on the first occasion we have, to welcome back one guilty in the past of so serious a transgression against the fair administration of justice in the Court?

1996 WL 464047, at *4.

As in *Cintolo*, we believe Mr. George's "welcome back" to the Bar of this court should be delayed approximately two years

from the date of this order.  For the reasons set forth above, the petition of Robert A. George Sr. for reinstatement to the Bar of the United States District Court for the District of Massachusetts is GRANTED by a majority of the Court and the petitioner shall be reinstated as of May 1, 2025.

    SO ORDERED.